J-S06037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER SWEET | |
| Appellant | No. 2431 EDA 2015 |

Appeal from the PCRA Order June 29, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0610014-2001

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 31, 2017**

Appellant, Christopher Sweet, appeals *pro se* from the order of the Philadelphia County Court of Common Pleas denying his second petition for relief under the Post Conviction Relief Act[1] ("PCRA") without an evidentiary hearing. Appellant claims that the PCRA court erred in rejecting his claims of prosecutorial misconduct and after-discovered evidence. Additionally, Appellant contends that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). We affirm.

On March 23, 2001, Appellant and several co-conspirators, including Jose Medina and Jeffrey Sweet, broke into the Apple Spa in Philadelphia and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

robbed several spa employees. The spa's manager called police as the robbers forced their way into the building. The police arrived shortly after the call. Officers observed Appellant emerge from one of the rooms in the spa holding an elderly Asian female who was tied up with plastic flex cuffs. Using the woman as a shield, Appellant pushed her in the direction of a police lieutenant and then fled out the back door. N.T., 3/18/02, at 18; N.T., 3/25/02, at 137. Shortly thereafter, a police officer found Appellant hiding under a car with an illuminated cell phone in his hand. Police recovered a handgun within five to ten feet of Appellant as well as $663.00 on his person. Appellant was taken into custody, as were the other conspirators, including Medina and Jeffrey Sweet. Later that morning, Appellant and Jeffrey Sweet confessed to participating in the robbery. N.T., 3/25/02, at 43, 67-70.

On April 1, 2002, the jury convicted Appellant of burglary,[2] robbery,[3] aggravated assault,[4] conspiracy,[5] carrying a firearm without a license,[6] and

---

[2] 18 Pa.C.S. § 3502.

[3] 18 Pa.C.S. § 3701.

[4] 18 Pa.C.S. § 2702.

[5] 18 Pa.C.S. § 903.

[6] 18 Pa.C.S. § 6106.

possessing an instrument of crime.[7]  On May 10, 2002, the trial court sentenced Appellant to an aggregate term of seventeen to thirty-four years' imprisonment followed by five years of probation.  This Court affirmed the judgment of sentence on April 26, 2004.  ***Commonwealth v. Sweet***, 3296 EDA 2002 (Pa. Super. Apr. 26, 2004) (unpublished memorandum).  The Pennsylvania Supreme Court denied allowance of appeal on December 29, 2004.  ***Commonwealth v. Sweet***, 864 A.2d 1204 (Pa. 2004).

On November 30, 2005, Appellant filed his first PCRA petition.  The petition was dismissed, and this Court affirmed on November 27, 2007.  ***Commonwealth v. Sweet***, 3302 EDA 2006 (Pa. Super. Nov. 27, 2007) (unpublished memorandum).  On December 18, 2007, through retained counsel, Appellant filed a federal habeas petition.  The United States District Court for the Eastern District of Pennsylvania denied the petition without a hearing.  On July 12, 2010, the United States Court of Appeals for the Third Circuit affirmed.

On January 14, 2013, Appellant, acting *pro se*, filed the present PCRA petition, his second, claiming that he was entitled to relief based on an affidavit executed by Medina fifty-one days before Appellant filed his petition.  Medina's affidavit stated: (1) Appellant was not involved in the robbery at the Apple Spa because he was merely a customer at the time of the incident; and (2) Medina did not come forward earlier with this

---

[7] 18 Pa.C.S. § 907.

exculpatory evidence because he had pleaded guilty to the robbery, and in exchange for his guilty plea, he was not permitted to testify that Appellant did not participate in the robbery.

Court-appointed counsel filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel emphasized that Medina's affidavit was false, because instead of pleading guilty, Medina was tried and convicted for the robbery and related offenses and also appealed his conviction unsuccessfully.[8] On May 26, 2015, the court issued a notice of intent to dismiss the PCRA petition within twenty days pursuant to Pa.R.Crim.P. 907. On June 29, 2015, the PCRA court dismissed the petition as untimely or meritless. This appeal followed.

Appellant raises the following issues on appeal:

> 1. Being that Appellant has a right to be heard, did the trial court err[] in denying Appellant's PCRA petition?
>
> 2. Being that Appellant can prove prosecutorial misconduct with after-discovered evidence, did the trial court err[] in not giving Appellant a new trial?
>
> 3. Being that Appellant now has a[n] illegal unconstitutional mandatory minimum sentence, did the trial court err[] in not correcting Appellant's illegal sentence?

Appellant's Brief at 7.

---

[8] This Court considered Medina's direct appeal in *Commonwealth v. Medina*, 2298 EDA 2004 (Pa. Super. Sept. 23, 2005) (unpublished memorandum).

We will address Appellant's first two arguments together, because they relate to the same argument that Appellant deserves a new trial due to newly discovered evidence within Medina's affidavit. Appellant contends that Medina's affidavit establishes prosecutorial misconduct that prevented him from timely raising his underlying claim for relief and contains previously unknown facts establishing his innocence. No relief is due.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . ." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citation and footnote omitted). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, to be eligible for relief under these exceptions, the petitioner must file his claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Our Supreme Court "has made it clear that the 60–day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (citation omitted).

Here, Appellant filed his current petition on January 13, 2013, almost eight years after his judgment of sentence became final. Although Appellant asserts he discovered new facts regarding governmental interference and prosecutorial misconduct, the PCRA court rejected that assertion. The court found that Medina's allegation that the Commonwealth induced him not to testify at Appellant's trial as a condition of an alleged plea agreement was

patently false. As the court noted, Medina proceeded to trial in his own case and was convicted after testifying on his own behalf. Thus, we agree with the PCRA court that Appellant could not establish an exception to the PCRA time bar under the governmental interference exception in 42 Pa.C.S. § 9545(b)(1)(i).

Appellant also presented a claim that he satisfied the newly discovered evidence exception under 42 Pa.C.S. § 9545(b)(1)(ii). However, aside from the unsupported assertion regarding Medina's guilty plea, Appellant fails to establish that he exercised due diligence in discovering this "fact." Thus, Appellant has not established a time-bar exception under 42 Pa.C.S. § 9545(b)(1)(ii).

In any event, even assuming that Appellant could not have obtained the exculpatory evidence in Medina's affidavit before November 24, 2012, the date Medina signed the affidavit, Appellant still is not entitled to relief. To obtain PCRA relief, Appellant was required to prove: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. 2016) (citation omitted); *see also* 42 Pa.C.S. § 9543(a)(2)(vi).

We conclude that Medina's assertions that Appellant was a customer of the spa and not a robber would not likely compel a different verdict. During the robbery, a police lieutenant observed Appellant using one of the spa employees as a human shield and then pushing her toward the officers while fleeing the spa. Another officer discovered Appellant shortly thereafter hiding under a car. A handgun was on the ground five to ten feet away from Appellant, and $663.00 in cash was on his person. Appellant and his co-conspirator, Jeffrey Sweet, gave detailed confessions to the robbery later that morning.[9]

For these reasons, Appellant's first two arguments on appeal do not entitle him to relief.

In his final argument, Appellant contends that he is entitled to relief from the imposition of a mandatory minimum sentence under **Alleyne** and **Hopkins**. This argument also fails.

Our review reveals that Appellant filed the instant petition before the United States Supreme Court's decided **Alleyne** and the Pennsylvania Supreme Court decided **Hopkins**. However, while Appellant's present appeal was pending, our Supreme Court held that **Alleyne** does not apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Similarly, this Court has held

---

[9] Not only was the evidence against Appellant overwhelming, but Medina's affidavit was, as discussed above, palpably false, rendering the affidavit completely unreliable.

that **Hopkins** does not apply retroactively. **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super. 2016). Thus, **Alleyne** and **Hopkins** do not provide a basis for a timeliness exceptions to the PCRA time bar. **See Commonwealth v. Miller**, 102 A.3d 988, 994 (Pa. Super. 2004) (noting Section 9545 (b)(1)(iii) has two requirements: (1) a constitutional right must be recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section and (2) "the right has been held by that court to apply retroactively"). In any event, neither decision warrants relief. **See Washington**, 142 A.3d at 820; **Whitehawk**, 146 A.3d at 271.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2017